UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH MCGUNIGLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-10852-JLT |
| | * | |
| CITY OF QUINCY, PAUL KEENAN, | * | |
| in his Individual and Official Capacities, and | * | |
| JOHN DOUGAN, in his Individual and | * | |
| Official Capacities, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

July 25, 2013

TAURO, J.

I.      Introduction

Plaintiff Joseph McGunigle, a former Quincy police officer, brings this suit against

Defendants the City of Quincy, Chief of Police Paul Keenan, and Captain John Dougan.  Plaintiff

claims that after he spoke out to the media and public officials regarding non-enforcement of

Quincy dog ordinances, Defendants retaliated against him for protected speech.  Defendants

moved to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6).  On May 16, 2013,

this court denied Defendants' motions to dismiss Count III under 42 U.S.C. § 1983 and allowed

the parties additional time to brief Plaintiff's state law claims.  Currently before this court are

Defendants' motions to dismiss Counts I, II, IV, and V of Plaintiff's compliant.

II.     Factual Background

This court assumes familiarity with the underlying facts set forth in this court's May 16,

1

2013 Order and Memorandum [#28, #29].[1]

## III.   Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[2]  In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.[3]  The court need not, however, accept the plaintiff's legal conclusions as true.[4]  To survive dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."[5]

## IV.   Discussion

### A.   Count I:  Massachusetts Whistleblower Statute, Mass. Gen. Laws ch. 149, § 185

Count I is dismissed as to the City by agreement of the parties.[6]  Count I is dismissed as to Defendants Keenan and Dougan because the Massachusetts Whistleblower Statute only provides liability for "employers," not individual supervisors.[7]

---

[1] McGunigle v. City of Quincy, No. 12-10852-JLT, 2013 WL 2112011, at *1-2 (D. Mass. May 16, 2013).

[2] Fed. R. Civ. P. 8(a)(2).

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

[4] Id.

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[6] See Pl.'s Supp. Opp'n to Def. City of Quincy's Mot. Dismiss 1 [#33].

[7] Bennett v. City of Holyoke, 230 F. Supp. 2d 207, 221 (D. Mass. 2002) (citing Orell v. UMass Mem'l Med. Ctr., Inc., 203 F. Supp. 2d 52, 66-67 (D. Mass. 2002)); see Welch v. Ciampa, 542 F.3d 927, 943 n.7 (1st Cir. 2008); Estock v. City of Westfield, 806 F. Supp. 2d 294, 309 (D. Mass. 2011); Ahanotu v. Mass. Tpk. Auth., 466 F. Supp. 2d 378, 396 (D. Mass. 2006).

### B. Count II: Massachusetts Civil Rights Act ("MCRA")

#### 1. City of Quincy & Official Capacity

Count II is dismissed as to the City because "a municipality cannot be sued under the MCRA."[8]  The MCRA provides liability for "persons," and a municipality is not a "person" within the meaning of the MCRA.[9]  Count II against Defendants Keenan and Dougan in their official capacities is dismissed as a claim against the City.

#### 2. Individual Capacity

Count II survives against Defendants Keenan and Dougan in their individual capacities. To establish a claim under the MCRA, Plaintiff must prove that "(1) the exercise or enjoyment of some constitutional or statutory right; (2) has been interfered with, or attempted to be interfered with; and (3) such interference was by threats, intimidation, or coercion."[10]

##### i. MCRA: Interference with a Right

As set forth in this court's May 16, 2013 Order and Memorandum [#28, #29], Plaintiff sufficiently alleges a violation of his First Amendment rights but fails to allege a violation of his Equal Protection rights.  As a result, Plaintiff's MCRA claim premised on the First Amendment survives.  Plaintiff's MCRA claim premised on Equal Protection is dismissed.

##### ii. MCRA: By Threats, Intimidation, or Coercion

Plaintiff plausibly alleges that Keenan and Dougan interfered with his First Amendment

---

[8] Kelley v. LaForce, 288 F.3d 1, 11 n.9 (1st Cir. 2002) (citing Howcroft v. City of Peabody, 747 N.E.2d 729, 744 (Mass. App. Ct. 2001)).

[9] Howcroft, 747 N.E.2d at 744-45.

[10] Currier v. Nat'l Bd. of Med. Exam'rs, 965 N.E.2d 829, 837-38 (Mass. 2012) (citing Buster v. George W. Moore, Inc., 783 N.E.2d 399, 408 (Mass. 2003)).

rights by "threats, intimidation, or coercion."  Under the MCRA, "coercion is 'the application to another of such force, either physical or *moral*, as to constrain him to do against his will something he would not otherwise have done.'"[11]  The coercion need not be physical in nature. "[I]n certain circumstances, economic coercion, standing alone, may be actionable."[12]  "Whether conduct constitutes coercion is examined from an objective, reasonable person standard."[13]

Plaintiff plausibly alleges that Keenan and Dougan engaged in a pattern of harassment and retaliation to coerce Plaintiff into silence.  In particular, Plaintiff alleges that after he spoke out regarding non-enforcement of Quincy dog ordinances, Keenan and Dougan (1) took unwarranted disciplinary action against Plaintiff, including suspensions; (2) publicly criticized Plaintiff in a number of newspaper articles; (3) denied Plaintiff proper Family and Medical Leave Act time; (4) revoked Plaintiff's license to carry; (5) told a union representative not to represent Plaintiff; (6) ordered Plaintiff to undergo a psychiatric evaluation; and (7) twice sought Plaintiff's termination. A reasonable person could have felt coerced by Defendants' alleged conduct.[14]  Accordingly, Defendants' motion to dismiss is denied on this ground.

iii.    MCRA: Statute of Limitations

---

[11] Id. at 838 (quoting Buster, 783 N.E.2d at 410).

[12] Id. (quoting Buster, 783 N.E.2d at 411)

[13] Id. (citing cases).

[14] See, e.g. Tonneson v. Cambridge Coll., No. 10-12004-RWZ, 2011 WL 3798874, at *6 (D. Mass. Aug. 29, 2011); Rinsky v. Trs. of Bos. Univ., No. 10-10779-NG, 2010 WL 5437289, at *8 (D. Mass. Dec. 27, 2010); Carvalho v. Town of Westport, 140 F. Supp. 2d 95, 100-02 (D. Mass. 2001); Acciavatti v. Prof'l Servs. Grp., Inc., 982 F. Supp. 69, 78-79 (D. Mass. 1997); Broderick v. Roache, 803 F. Supp. 480, 487 (D. Mass. 1992); Howcroft, 747 N.E.2d at 746.

The statute of limitations for Plaintiff's MCRA claim is three years.[15]  A MCRA claim

accrues when a plaintiff knows or has reason to know of the allegedly wrongful acts.[16]  Plaintiff

filed this suit on May 11, 2012, alleging retaliatory acts spanning from 2007 until 2012.  Some of

Plaintiff's allegations are timely; others are not.  Retaliatory acts that took place after May 11,

2009 fall within the limitations period and are therefore timely.  In contrast, retaliatory acts that

took place prior to May 11, 2009 are untimely and no longer actionable.  Plaintiff may move

forward on his MCRA claim as to his post-May 11, 2009 allegations.

iv.   MCRA: Qualified Immunity

The same standard for qualified immunity applies to MCRA claims and § 1983 claims.[17]

In this court's May 16, 2013 Order and Memorandum [#28, #29], the court determined that

Defendants were not entitled to qualified immunity for Plaintiff's § 1983 claim.  For the same

reasons, Defendants are not entitled to qualified immunity for Plaintiff's MCRA claim.

C.   Count IV: Conspiracy

Count IV is dismissed because Plaintiff fails to plausibly allege an unlawful agreement

between Defendants.  In Count IV, Plaintiff brings a civil rights conspiracy claim.  In particular,

Plaintiff alleges that Defendants conspired to retaliate against him for his protected speech.[18]  A

---

[15] Sampson v. Town of Salisbury, 441 F. Supp. 2d 271, 275 (D. Mass. 2006) (citing Pagliuca v. City of Boston, 626 N.E.2d 625, 627 (Mass. App. Ct. 1994)).

[16] Id. (citing Pagliuca, 626 N.E.2d at 627).

[17] Raiche v. Pietroski, 623 F.3d 30, 40 (1st Cir. 2010) (citing Duarte v. Healy, 537 N.E.2d 1230, 1232 (Mass. 1989)); Howcroft, 747 N.E.2d at 746 ("The qualified immunity principles developed under § 1983 apply equally to claims under the MCRA.").

[18] Compl. ¶¶ 75, 76 [#1]; Pl.'s Opp'ns 12 [#19, #20]; Pl.'s Supp. Brief 1-2 [#32].

principal element of a civil rights conspiracy "is an agreement between the parties to inflict a wrong or injury upon another in violation of that person's civil rights."[19]

Plaintiff fails to allege any facts plausibly suggesting an agreement between Defendants to retaliate against Plaintiff for his protected speech.  Plaintiff merely alleges that both Keenan and Dougan took retaliatory action against him.  There is nothing in the complaint to suggest that Defendants conspired in doing so.[20]  Plaintiff's conclusory allegations of collusion are insufficient to state a claim.[21]  Accordingly, Count IV is dismissed.

      D.     <u>Count V: Defamation</u>

          1.     <u>City of Quincy & Official Capacity</u>

Count V against the City and Defendants Keenan and Dougan in their official capacities is dismissed as barred by the intentional torts exception to the Massachusetts Tort Claims Act.[22]

---

[19] <u>Basu v. Brogan</u>, 47 F. App'x 586, 587 (1st Cir. 2002) (citing <u>Earle v. Benoit</u>, 850 F.2d 836, 844 (1st Cir. 1988)).  <u>See</u> <u>Estate of Bennett v. Wainwright</u>, 548 F.3d 155, 178 (1st Cir. 2008).

[20] In paragraph eighteen of the complaint, Plaintiff alleges that Keenan and Dougan, together, met with Plaintiff to discuss his issuance of citations to neighbors.  This allegation relates only to Plaintiff's unprotected conduct.  <u>See</u> May 16, 2013 <u>Order and Memorandum</u> 12 n.64 [#29].  This allegation does not plausibly suggest that Defendants conferred regarding Plaintiff's protected speech.

[21] <u>See</u> <u>Slotnick v. Staviskey</u>, 560 F.2d 31, 33 (1st Cir. 1977) ("It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." (citing cases)); <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986))).

[22] Mass. Gen. Laws ch. 258, § 10(c); <u>see</u> <u>Luthy v. Proulx</u>, 464 F. Supp. 2d 69, 76 (D. Mass. 2006); <u>Barrows v. Wareham Fire Dist.</u>, 976 N.E.2d 830, 835-38 (Mass. App. Ct. 2012).

2.     Individual Capacity

Count V is dismissed as to Defendant Dougan in his individual capacity because Plaintiff

fails to allege that Dougan made any false, defamatory statement.

Count V survives against Defendant Keenan in his individual capacity.  "To prevail on a

defamation claim, a plaintiff must 'establish that the defendants published a false statement about

him to a third party that either caused him economic loss or was the type that is actionable

without proof of economic loss.'"[23]  Keenan argues that all of his statements described in the

complaint are either (1) non-actionable opinions, or (2) not alleged to be false.  "Statements of

fact may be actionable, but 'pure opinions' are not."[24]  A statement is factual, rather than opinion,

if when considered in context it "reasonably would be understood to declare or imply provable

assertions of fact."[25]

Plaintiff plausibly alleges that Keenan made a false, factual, and defamatory statement

about Plaintiff.  Plaintiff alleges that Keenan falsely told the Patriot Ledger that Plaintiff

intimidated Ms. Webber, a civilian complaint witness.[26]  This statement is factual, rather than

opinion.  And, Plaintiff sufficiently alleges its falsity.  In particular, Plaintiff alleges that he "never

had any visual or verbal contact with Ms. Webber whatsoever during the alleged 'intimidation.'"[27]

Accordingly, Defendant's motion to dismiss is denied as to this claim.

---

[23] Driscoll v. Bd. of Trs. of Milton Acad., 873 N.E.2d 1177, 1187 (Mass. App. Ct. 2007)
(quoting Phelan v. May Dep't Stores Co., 819 N.E.2d 550, 553 (Mass. 2004)).

[24] Id. at 1188 (citing King v. Globe Newspaper Co., 512 N.E.2d 241, 243 (Mass. 1987)).

[25] Phantom Touring, Inc. v. Affiliated Publ'ns, 953 F.2d 724, 727 (1st Cir. 1992).

[26] Compl. ¶ 59.

[27] Compl. ¶ 59.

E.      Colorado River Abstention

The City argues that abstention is appropriate under Colorado River Water Conservation District v. United States[28] due to a parallel state court proceeding regarding the revocation of Plaintiff's gun permit.  "[I]t is well settled that the pendency of an action in state court is not a per se bar to related federal court proceedings."[29]  "Indeed, federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"[30]  As a result, Colorado River abstention is only warranted in "exceptional circumstances."[31]  Relevant factors include:

> (1) whether either court has assumed jurisdiction over a res; (2) the geographical inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatiousness or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.[32]

Considering these factors, the court finds that abstention is not warranted in this case. First, this forum is geographically convenient for the parties.  Second, the pending state court action does not pose the risks commonly associated with piecemeal litigation.  The state action is only tangentially related to Plaintiff's claims in this court.  Third, Plaintiff filed his claims in this court first.  Fourth, federal law controls Plaintiff's § 1983 claim.  And, finally, the City does not argue, and this court does not find, that any of the remaining factors favor abstention. Accordingly, the City's request for abstention under Colorodo River is denied.

---

[28] 424 U.S. 800 (1976).

[29] Casiano-Montanez v. State Ins. Fund Corp., 707 F.3d 124, 128 (1st Cir. 2013).

[30] Id. (quoting Colorado River, 424 U.S. at 817).

[31] Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 114 (1st Cir. 2012).

[32] Id. at 115 (quoting Jimenez v. Rodriquez-Pagan, 597 F.3d 18, 27-28 (1st Cir. 2010)).

F.      Rooker-Feldman Doctrine

The City also argues for dismissal under the <u>Rooker-Feldman</u> doctrine.  "The <u>Rooker-Feldman</u> doctrine precludes 'the losing party in state court [from filing] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"[33]  "It is a condition precedent to the application of the <u>Rooker-Feldman</u> doctrine that, at the time the federal court suit is commenced, the state-court proceedings have ended."[34]  The <u>Rooker-Feldman</u> doctrine does not apply in this case because the state court proceedings had not yet ended when Plaintiff filed his federal suit.

V.      Conclusion

For the above-stated reasons, Defendants' <u>Motions to Dismiss</u> [#12, #14] are ALLOWED IN PART and DENIED IN PART.  The following claims remain in the case: (a) Count II under the MCRA against Defendants Keenan and Dougan in their individual capacities; (b) Count III under § 1983 against all Defendants; and (c) Count V for defamation against Defendant Keenan in his individual capacity.  All other claims are dismissed.


AN ORDER HAS ISSUED.

                                                         /s/ Joseph L. Tauro
                                                    United States District Judge

---

[33] <u>Coggeshall v. Mass. Bd. of Registration of Psychologists</u>, 604 F.3d 658, 663 (1st Cir. 2010) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 291 (2005)).

[34] <u>Id.</u> at 663-64.